FILED
2011 JAN 27 AM 8: 50
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONY SALVADOR CABRERA,<br><br>                     Petitioner,<br>vs.<br><br>ERIC HOLDER, *et al.*,<br><br>                     Respondents. | CASE NO. 11cv081 BEN (BLM)<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL** |

      This matter is before the Court on Petitioner's Motion to Appoint Counsel. Dkt. No. 2. For the reasons set forth below, the Court **DENIES** the Motion to Appoint Counsel.

      The Court may appoint counsel for habeas petitioners if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Unless an evidentiary hearing is required, appointment of counsel under 18 U.S.C. § 3006A(a)(2)(B) is in the discretion of the district court. *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181-82 (9th Cir. 1990). In determining whether to appoint counsel, the Court evaluates the likelihood of success on the merits and the ability of the petitioner to articulate his claims in light of the complexity of the legal issues involved. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

//
//

Analyzed under *Weygandt*, Petitioner's motion for appointment of counsel should be denied because his Petition is not complex and does not require an evidentiary hearing. Petitioner has competently raised the relevant legal issues and his inability to pay private counsel is not sufficient to warrant the appointment of counsel. *See Wood v. Housewright*, 900 F.2d 1332, 1335-36 (difficulties that any litigant would have in proceeding pro se are not exceptional factors or circumstances warranting appointment of counsel). Accordingly, Petitioner's motion for appointment of counsel is **DENIED**.

**IT IS SO ORDERED.**

DATED: January 26, 2011

Hon. Roger T. Benitez
United States District Court Judge